# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2011

No. 11-60263
Summary Calendar

Lyle W. Cayce
Clerk

ANDRES O. GARCIA-MEZA, also known as Enrique Mesa-Orlando, also known as Jose Garcia, also known as Jose Meza-Orlando,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 182 047

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Andres O. Garcia-Meza petitions for review of the Board of Immigration Appeals's (BIA) determination that he is not entitled to deferral of removal under the Convention Against Torture (CAT). Garcia-Meza contends that he will be tortured if he returns to Honduras because he is a homosexual and was a gang member. The respondent moves for summary affirmance.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60263

The conclusion that an alien is not eligible for relief under the CAT is a factual finding reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). For a petitioner to be entitled to deferral of removal under the CAT, he or she must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). "Thus relief under the [CAT] requires a two part analysis-first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

While Garcia-Meza proffered evidence of mistreatment found to be credible by the immigration judge, this evidence is insufficient to meet the high burden imposed by the relevant section of the CAT. Although Garcia-Meza was raped when he was a child in Honduras, he did not report the assault to authorities, so this terrible incident does not support the conclusion that he will be tortured by or with the acquiescence of the Honduran Government. Garcia-Meza does not point to any evidence of government involvement in the murder of his uncle nor any evidence that the government is likely to be involved in any future gang violence. The acts of government-sanctioned discrimination and intimidation documented in the State Department's 2009 Human Rights Report on Honduras, while deplorable, do not rise to the level of torture. *See* 8 C.F.R. § 1208.18(a)(1). The Human Rights Report does not provide sufficient evidence about violence committed or threatened against homosexuals by security forces and police to overturn the Board of Immigration Appeals' decision. *Cf. Chen v. Gonzales*, 470 F.3d 1131, 1140-41 (5th Cir. 2006). Without more, the alleged failure of police to investigate the murders and hate crimes committed by unknown actors against homosexuals does not amount to government acquiescence as defined by

2

CAT.  *See Demiraj v. Holder*, 631 F.3d 194, 201 (5th Cir. 2011), *petition for cert. filed* (June 20, 2011) (No. 10-1545).

To the extent that Garcia-Meza asserts that he was also eligible for asylum relief, he has waived any challenge to the determination that he was statutorily ineligible for such relief by failing to brief the issue.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The decision to deny Garcia-Meza deferral of removal under the CAT is supported by substantial evidence.  *See Zhang*, 432 F.3d at 344.  Garcia-Meza's petition for review is DENIED, and the respondent's motion for summary affirmance is GRANTED.